Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNNY PALACIOS PEREZ TORREZ,**<br><br>Petitioner,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>Respondents. | Civil Action No.: 26-0681 (ES)<br><br>ORDER |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Johnny Palacios Perez Torrez ("Petitioner"), through counsel, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (D.E. No. 1 ("Petition" or "Pet.")). Petitioner also moved for a temporary restraining order ("TRO") ordering Respondents to release Petitioner from detention, or, in the alternative, enjoining Respondents from transferring or moving Petitioner outside of the jurisdiction of the U.S. District Court for the District of New Jersey, pending further briefing and order of this Court. (D.E. No. 3 ("Motion for TRO or "Mot. for TRO"); D.E. No. 3-1 ("Pet'r Br.")). According to the Petition, Petitioner is currently detained at the Elizabeth Detention Center in Elizabeth, New Jersey. (Pet. ¶ 18).

---

[1] Petitioner names as respondents: United States Department of Homeland Security ("DHS"); United States Immigration and Customs Enforcement ("ICE"); Kristi Noem, the Secretary of DHS; Todd Lyons, the Senior Official Performing the Duties of the Director of ICE; Jonathan Florentino, the Acting Field Office Director for the Newark Field Office off ICE Enforcement and Removal Operations ("ERO"); Eric Rokosky, the Warden for the Elizabeth Detention Center; and Alexander Cabezas, an Acting Assistant Field Office Director and a Supervisory and Deportation Officer for the Newark Field Office of ERO (Pet. at 1, ¶¶ 19–25). The individual Respondents are named in their official capacities. (*Id.* ¶¶ 21–25).

2. Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is entitled to relief." "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Habeas Rule 4.

3. This Court has screened the Petition for dismissal pursuant to Habeas Rule 4, and has determined that dismissal without an expedited answer and production of the record is not warranted.

4. In his Motion for TRO, Petitioner moves this Court to order Respondents to release Petitioner from detention, or, in the alternative, to enjoin Respondents from transferring or moving Petitioner outside of the jurisdiction of the United States District Court for the District of New Jersey pending further briefing and further order of this Court. (Mot. for TRO at 1).

5. To the extent that Petitioner requests an order directing Respondents to release him from detention, Petitioner has failed to meet his burden under Federal Rule of Civil Procedure 65 to show a sufficient likelihood of success on the merits to justify the extraordinary remedy of a TRO or a preliminary injunction. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011); *Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009). Noting that he was previously ordered removed and then released from custody on an Order of Supervision ("OSUP") after ICE was unable to remove him to his country of origin or a third country, Petitioner asserts that he is "likely to succeed on his claims that ICE has arbitrarily revoked his OSUP without notice

or an opportunity to be heard without valid justification, and in violation of its own regulations, thereby violating the Administrative Procedure Act ('APA'), the *Accardi* doctrine, and the Due Process Clause of the Fifth Amendment of the U.S. Constitution." (Pet.'r Br. at 1–2). However, district courts in this Circuit have concluded that, under the Immigration and Nationality Act ("INA") and the Third Circuit's opinion in *Tazu v. Attorney General*, 975 F.3d 292 (3d Cir. 2020), they lack jurisdiction to consider apparently similar claims challenging the legality of the circumstances surrounding the non-citizen's re-detention for purposes of effectuating his removal. *See Van Phan v. Oddo*, No. 25-0348, 2026 WL 60337, at *2 (W.D. Pa. Jan. 8, 2026) (agreeing with respondent that the court had no jurisdiction to consider "the legality of the circumstance surrounding petitioner's arrest and the revocation of the OSUP because this matter is squarely within the holding in [*Tazu*]"); *Roe v. Oddo*, No. 25-0128, 2025 WL 3030692, at *11–14 (W.D. Pa. Oct. 30, 2025) (relying on *Tazu* to conclude that 8 U.S.C. § 1252(b)(9) and (g) stripped the court of jurisdiction to consider the petitioner's challenge to ICE's decision to revoke his OSUP and re-detain him on the grounds that such violations violated the INA, the APA, and the Due Process Clause and thereby denying the petitioner's motion insofar as it sought a preliminary injunction related to this challenge). Petitioner does not acknowledge this jurisdictional issue or case law in his TRO Motion. Accordingly, the Court concludes that, given the case law, the Petitioner's arguments, and the early stage of this proceeding, Petitioner has not shown a sufficient likelihood of success for purposes of obtaining his immediate release from custody.

6.  Petitioner also asks the Court to exercise its equitable power under the All Writs Act to enjoin his removal from the District of New Jersey. (Pet.'r Br. at 19). Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court. To the extent that Petitioner requests a TRO prohibiting his removal from the District under Rule 65, the Motion for TRO is denied as moot.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 26th day of January 2026,

**ORDERED** that, to the extent Petitioner requests an order directing Respondents to release him from detention, the Motion for TRO (D.E. No. 3) is **DENIED** *without prejudice*; and it is further

**ORDERED** that, to the extent Petitioner asks the Court to exercise its equitable power under the All Writs Act to enjoin his removal from the District of New Jersey, Petitioner's Motion for TRO (D.E. No. 3) is **GRANTED**; and it is further

**ORDERED** that Petitioner **SHALL NOT** be **TRANSFERRED** from the District of New Jersey, or **REMOVED** from the United States, pending further order of this Court; and it is further

**ORDERED** that, to the extent Petitioner requests a TRO prohibiting his removal from the District under Rule 65, the Motion for TRO (D.E. No. 3) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at D.E. No. 3; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of the Petition (D.E. No. 1), the attachments to the Petition (D.E. Nos. 1-1 & 1-2), the Motion for TRO (D.E. No. 3), the attachments to the Motion for TRO (D.E. Nos. 3-1 & 3-2), and this Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of Court shall forward Petition (D.E. No. 1), the attachments to the Petition (D.E. Nos. 1-1 & 1-2), the Motion for TRO (D.E. No. 3), the attachments to the Motion for TRO (D.E. Nos. 3-1 & 3-2), this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Petition (D.E. No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of Court.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**